FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 DEC 18 P 2: 53

CLERK'S OFFICE
AT BALTIMORE

BY_____ _____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

POTOMAC RIVERBOAT CO., LLC,

    Plaintiff

v.      CIVIL NO. JKB-13-1970

CURTIS MARINE OF NEW YORK, INC.,
*et al.*,

    Defendants

## MEMORANDUM

*I. Background*

This case was filed by Potomac Riverboat Company, LLC ("Potomac"), on July 8, 2013, against Defendants Curtis Marine of New York, Inc. ("Curtis Marine"); Curtis C. Polly, Jr.; Curtis C. Polly, Sr.; and Nicholas Costa. (Compl., ECF No 1.) Potomac complains that Curtis Marine breached its contract to construct and deliver a vessel that was intended to serve as a water taxi between National Harbor in Maryland and Georgetown in the District of Columbia. (*Id.* ¶¶ 10, 11, 23.) Specifically, Potomac alleges that Curtis Marine missed the contract delivery date by more than a year (*id.* ¶¶ 23, 24), failed to build a vessel that met specifications and was certified as seaworthy by the U.S. Coast Guard (*id.* ¶¶ 32, 42, 56), and caused Potomac to suffer damages when it had to spend additional money on such things as outfitting the boat and obtaining Coast Guard approval and when Potomac was unable to put the water taxi into use for the 2012 summer season (*id.* ¶¶ 32-42).

In addition, Potomac alleges that Defendants made false representations as to the purpose for additional payments requested by Defendants from Potomac beyond the full purchase price,

which Potomac has paid; further, Defendants allegedly abandoned work on the water taxi and diverted the additional monies received from Potomac to construct a boat for someone else. (*Id.* ¶¶ 27-28, 43, 44, 83-86.) The original complaint contained six counts: breach of contract against Curtis Marine (Count I), fraudulent conveyance against Curtis Marine (Count II and Count III), intentional misrepresentation against all Defendants (Count IV), civil conspiracy against all Defendants (Count V), and negligent misrepresentation against all Defendants (Count VI). The fraudulent conveyance counts were based on Potomac's allegations that the other boat, a fire boat, was delivered to the contracting fire district at a time when Curtis Marine was insolvent and conveyance, therefore, acted as a fraud upon Curtis Marine's creditors. (*Id.* ¶¶ 45, 66-69.)

Concurrently with the filing of its complaint, Potomac filed a motion for temporary restraining order ("TRO") and preliminary injunction to prevent conveyance of the fire boat. (ECF No. 2.) After a conference with Judge Russell of this Court, Potomac was granted leave to take expedited discovery before a preliminary injunction hearing. (ECF No. 5.) Apparently, based on the results of that expedited discovery, Potomac withdrew its motion for TRO and preliminary injunction. (ECF Nos. 13 & 14.) Defendants subsequently filed an answer to Count I and a motion to dismiss the rest of Potomac's complaint. (ECF Nos. 15 & 16.) The Court then approved a stipulation between the two sides for extending the deadline until October 22, 2013, for Potomac "to respond to Defendants' Motion to Dismiss." (ECF No. 20.)

On October 22, Potomac filed an amended complaint (ECF No. 21), an affidavit of Potomac's counsel pursuant to Federal Rule of Civil Procedure 56(d) (ECF No. 22), and a response in opposition to Defendant's motion to dismiss (ECF No. 23). Defendants refiled their motion as one to dismiss the amended complaint. (ECF No. 24.) The motions to dismiss have

been briefed (ECF Nos. 25 & 26), and no hearing is necessary, Local Rule 105.6 (D. Md. 2011). The first motion to dismiss is moot, for reasons explained below. The second motion to dismiss will be granted in part and denied in part.

## *II. Standard of Dismissal for Failure to State a Claim*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

Additionally, a fraud claim must be pleaded with particularity. Under Federal Rule of Civil Procedure 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud . . . ." However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* The "circumstances constituting fraud" include time, place, and contents of the fraudulent representation, the identity of the person making the

3

misrepresentation, and what that person obtained. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783-84 (4th Cir. 1999).

## III. Analysis

As a preliminary matter, Defendants contend that the amended complaint was filed out of time and is, therefore, null and void. Their contention is premised on the notion that, although the time for Potomac to respond to the motion to dismiss was extended, the only permissible interpretation of "to respond" is to file something in opposition to the motion to dismiss. Because Potomac did not specifically request extension of the time in which it has the right to file an amended complaint without consent or leave of court, then, in Defendants' view, that time passed before Potomac filed its amended complaint. From the Court's perspective, that is an overly technical and decidedly impractical approach to federal court litigation. The Court considers extension of the deadline to respond to a motion to dismiss as implicitly embracing the time to file an amended complaint as of right. Since an amended complaint may frequently resolve at least some of the issues raised in a motion to dismiss, no good reason can be found for not treating the two deadlines the same. In point of fact, Potomac's amended complaint deleted two counts that Defendants sought to dismiss from the original complaint. The result is that the issues for the Court to decide are narrowed, which contributes to a more efficient use of judicial resources. Therefore, the Court holds that the amended complaint was timely filed, that it supersedes the original complaint, and that the motion to dismiss the original complaint is moot. Further, to the extent Defendants' motion requests a full dismissal of the amended complaint based on their unsuccessful argument that it was untimely filed, the motion will be denied.

The remainder of Defendants' motion seeks a partial dismissal, *i.e.*, dismissal of all counts except for Count I, which is the claim for breach of contract and to which Defendants

4

have filed their answer. The remaining three counts are for intentional misrepresentation (Count II), civil conspiracy to commit fraud (Count III), and negligent misrepresentation (Count IV). (Am. Compl., ECF No. 21.) Defendants' motion to dismiss as to these three counts is meritorious and will be granted.

Counts II and IV, pleading intentional misrepresentation and negligent misrepresentation, respectively, both fail to meet the pleading standard for fraud. Specifically, the complaint fails to state with particularity who made the statements at issue in these counts or when the statements were made. All statements are attributed generically to "Defendants," and although a proper case might exist under other circumstances for this kind of generalized identification of alleged tortfeasors, it does not exist here in relation to the misrepresentation claims. *See Sprint Nextel Corp. v. Simple Cell, Inc.*, Civ. No. CCB-13-617, 2013 WL 3776933, at *2, 5 (D. Md. July 17, 2013) (general grouping of defendants in complaint acceptable where all defendants alleged to have engaged in same tortious conduct, but not acceptable for fraud counts where particularity as to identification of speaker required). Additionally, the statements are said to have occurred "[i]n 2012, and continuing into 2013." Unless the statements can be keyed to specific times within that broad time span, then these allegations cannot suffice as having been made with the requisite particularity under Rule 9(b). Also, the complaint does not allege to whom the statements were made or where they were made.

Count III, which alleges a civil conspiracy to commit fraud, is derivative of Counts II and IV. The Maryland Court of Appeals "has consistently held that conspiracy is not a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff." *Lloyd v. Gen. Motors Corp.*, 916 A.2d 257, 284 (Md. 2007) (internal quotation marks omitted). Thus, "[t]he tort of civil conspiracy 'lies in the act causing the harm; the

agreement to commit the act is not actionable on its own but rather is in the nature of an aggravating factor.'" *Shenker v. Laureate Educ., Inc.*, 983 A.2d 408, 428 (Md. 2009) (quoting *Hoffman v. Stamper*, 867 A.2d 276, 290 (Md. 2005)). Because Potomac has inadequately pled the counts of intentional misrepresentation and negligent misrepresentation, its allegations as to civil conspiracy to commit those torts are likewise insufficient.

Potomac has presented two arguments to avert granting of Defendants' motion to dismiss. First, Potomac says it should be given leave to amend if the complaint is found to be inadequate. (Pl.'s Opp. 19-20, ECF No. 25.) However, Potomac has not furnished proposed, specific amendments to the Court to justify granting leave to amend. Second, Potomac says it has provided its counsel's affidavit under Rule 56(d) to the effect that Potomac needs discovery to flesh out its allegations as to misrepresentation. (*Id.* 12-13; Subar Aff., ECF No. 22.) This affidavit is premised on Potomac's perception that it needs evidence to respond to evidence submitted by Defendants to support their motion to dismiss. (Subar Aff. ¶¶ 8-10.) The Court did not consider the evidence submitted by Defendants in connection with their motion, which would have converted the motion into one for summary judgment under Rule 56; rather, the Court disregarded Defendants' extrinsic evidence and strictly applied the governing standard for ruling on the sufficiency of a complaint under Rule 12(b)(6) and Rule 9(b). Moreover, the Fourth Circuit has emphasized that one of the purposes of Rule 9(b) is "to eliminate fraud actions in which all the facts are learned after discovery." *Harrison*, 176 F.3d at 784. Potomac's allegations of misrepresentation are insufficient to state a claim for relief and to proceed to discovery.

*IV. Conclusion*

The Court concludes Defendants' request that the Court dismiss the full complaint as untimely filed is without merit, but their motion to dismiss Counts II, III, and IV is meritorious. A separate order will issue as to the rulings in this memorandum, and a tentative scheduling order will be provided to counsel in advance of the Court's anticipated conference with them to set a schedule for further proceedings in the case.

DATED this __18__ day of December, 2013.

BY THE COURT:

_____
James K. Bredar
United States District Judge